LOUIS MIGLIORETTI, ET AL. *v.* JOHN J. KOESKI

[No. 52, October Term, 1945.]

*Decided February 6, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLANE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Paul R. Kach,* with whom was *Herman P. Kasson* on the brief, for the appellants.

*Edwin H. Brownley,* with whom was *Karl F. Steinman* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court of Baltimore City overruling a demurrer to a bill of complaint. The bill sets up a verbal contract of employment on March 15, 1944, "whereby your Orator was to secure and introduce to the Defendants customers and distributors outside of the State of Maryland for the said Embros wines and other wines and liquors handled by the Defendants, in return for which securing and introduction your Orator was to be paid the sum of twenty-five (25) cents for each case of wines or liquors which Defendants might thereafter at any time sell to such distributors and customers * * *." It was alleged that the complainant secured a number of accounts under this agreement, and sales to the distributors or customers, thus secured, exceeded 45,000 cases during the period from March 15, 1944, to January 31, 1945. On that date the defendants undertook to cancel the agreement, and employ the complainant as a salesman; the complainant refused to accept the offer. The bill prayed that the agreement be declared valid, that a discovery and accounting be had for all past and future sales made to customers and distributors secured by the complainant, and for other and further relief.

The only attack on the bill is for lack or certainty. But we find nothing uncertain about the allegations of the bill. Whether the contract was improvident or not is beside the point; whether it can be established by proof is immaterial at this stage of the case. It seems perfectly clear from the bill that recovery is sought on the theory that the contract is of indefinite duration, and that noth-

ing more was required of the complainant, after an account had been secured, by way of service, so that the complainant is entitled to commissions on all future sales, regardless of his discharge. This is clearly the purport of the bill, and the complainant relies upon the case of *Alexander v. Capital Paint Co.*, 136 Md. 659, 111 A. 140, and distinguishes the case of *Home News, Inc. v. Goodman,* 182 Md. 585, 35 A. 2d 442, on its facts. We perceive no reason why the contract could not be held valid, if established by testimony. Whether particular sales measure up to the contractual standards are questions that need not be considered upon demurrer to the bill.

We think the demurrer was properly overruled, and that the bill requires an answer.

*Order affirmed, with costs.*